SIGNED this 25th day of June, 2015

_____
Marcia Phillips Parsons
CHIEF UNITED STATES BANKRUPTCY JUDGE

_____

[This opinion is not intended for publication as the precedential effect is deemed limited.]

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re<br><br>DAVID CHARLES READ,<br><br>Debtor. | No. 14-52035<br>Chapter 7 |
| JANET READ,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID CHARLES READ,<br><br>Defendant. | Adv. Pro. No. 15-5008 |

# MEMORANDUM

APPEARANCES:

| | |
|---|---|
| Rachel Ralston Mancl, Esq.<br>100 Med Tech Parkway<br>Johnson City, Tennessee 37664<br>*Attorney for Plaintiff* | Jared Andrew Williams, Esq.<br>255 Broad Street<br>Kingsport, Tennessee 37660<br>*Attorney for Defendant* |

**Marcia Phillips Parsons, Chief United States Bankruptcy Judge**.  In this adversary proceeding, plaintiff Janet Read seeks a nondischargeability determination under 11 U.S.C. § 523(a)(5) and (15) concerning the obligations of defendant David Charles Read arising out of the parties' divorce.  Before the court is the Plaintiff's motion for summary judgment to which the Defendant has failed to respond.  For the reasons set forth below, the Plaintiff's motion for summary judgment will be granted.  This is a core proceeding.  *See* 28 U.S.C. § 157(b)(2)(I).

I.

After conducting a contested hearing, the Superior Court of Cherokee County, Georgia entered a final judgment and decree of divorce on June 5, 2012, granting the Plaintiff and Defendant a divorce and ending their twenty-five year marriage. The divorce decree requires the Defendant to be responsible for, and hold the Plaintiff harmless from, certain marital debts, to satisfy a mortgage obligation of $75,000, and to pay the Plaintiff periodic alimony of $5,000 per month until such time as Plaintiff dies or remarries.

Eight months after entry of the divorce decree, the Defendant filed a petition requesting a reduction of the alimony due to a change in circumstances.  The Superior Court denied the Defendant's petition by order entered July 18, 2014, finding that the Defendant had "intentionally attempted to change his circumstances in an effort to avoid paying the court ordered alimony."  The court also found the Defendant "to be in contempt of court for failure to pay alimony as ordered" and ordered him to be incarcerated beginning December 18, 2014, "until such time as he purges himself of contempt by paying the purge amount of alimony sums overdue, which at the time of the hearing totaled $13,500.00."  Defendant was provided the option of avoiding the incarceration by purging himself of contempt prior to December 18, 2014, by paying to Plaintiff the $13,500 due plus any additional arrearage.

Rather than pay the sums due, the Defendant filed a petition for voluntary bankruptcy relief under chapter 7 on December 18, 2014.  In his bankruptcy schedules, the Defendant listed the past due alimony owed to the Plaintiff in the amount of $45,000 as an unsecured priority claim.  In this adversary proceeding, the Plaintiff asks the court to determine that the alimony payments and any other indebtedness owed by the Defendant to Plaintiff are nondischargeable under § 523(a)(5) and

(15) of the Bankruptcy Code, whether arising out of or in connection with the parties' original divorce decree or any other ancillary or post-judgment proceeding related thereto. In her summary judgment motion, the Plaintiff asserts that these undisputed facts, which are set forth in her statement of undisputed material facts, entitle her to a determination of nondischargeability as a matter of law. Defendant has failed to file a response to either Plaintiff's motion for summary judgment or her statement of undisputed material facts. Consequently, in accordance with Local Rule 7007-1(a), Defendant's failure to respond is "construed to mean that the respondent does not oppose the relief requested by the motion." E.D. Tenn. LBR 7007-1(a). Additionally, due to Defendant's failure to respond to the Plaintiff's statement of undisputed material facts, the material facts set forth therein "will be deemed admitted." E.D. Tenn. LBR 7056-1(b).

## II.

Nondischargeability of debts is governed by 11 U.S.C. § 523, which in this instance excepts from the general discharge granted to an individual debtor under section 727 any debt:

> (5) for a domestic support obligation; [and]
>
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

The Plaintiff is the Defendant's former spouse. A domestic support obligation is defined under the Code to include a debt that "accrues before, on or after" the Defendant's bankruptcy filing "owed to or recoverable by . . . a former spouse" that is "in the nature of alimony, maintenance or support . . . of such . . . former spouse . . . ." 11 U.S.C. § 101(14A). The alimony payments undoubtedly fall within the exception "for a domestic support obligation" under § 523(a)(5).

While the remaining obligations of the Defendant to the Plaintiff created by the divorce decree may not constitute domestic support obligations, the debts are nonetheless excepted from discharge under § 523(a)(15) because they are owed to a "former spouse" and "incurred by the [Defendant] in the course of a . . . divorce decree or other order of a court of record . . . ." 11 U.S.C. § 523(a)(15). The nondischargeability determination under (a)(15) extends not only to the Defendant's obligation under the divorce decree to pay off certain marital debts, but also to the

3

requirement that he hold the Plaintiff harmless for the same. *See, e.g., Damschroeder v. Williams (In re Williams)*, 398 B.R. 464, 469 (Bankr. N.D. Ohio 2008) ("A requirement in a divorce decree to hold harmless or indemnify a spouse for joint obligations incurred during a marriage creates a 'new' debt, running solely between the former spouses.").

Finally, there are currently proceedings ancillary to the parties' divorce that are ongoing, including a contempt proceeding. As provided by § 523(a)(5), together with § 101(14A) or by § 523(a)(15), any debts arising from orders of the court of record in those proceedings would likewise be nondischargeable.

### III.

Federal Rule of Civil Procedure 56(a), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that "[a] party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought" and that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The initial burden to demonstrate the absence of a genuine dispute of material fact rests with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Upon making this showing, the burden shifts to the nonmoving party to present specific facts demonstrating that there is a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348 (1986). Both parties must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

Applied to this case, the Plaintiff carried her burden while the Defendant failed to respond in any manner. Consequently, the Plaintiff is entitled to judgment as a matter of law on the nondischargeability of the alimony payments and all other obligations owed by the Defendant to the Plaintiff in connection with the divorce decree or created by an order by a court of record in further proceedings related therewith. An order will be entered accordingly.

# # #